AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
270 Madison Avenue
New York, New York 10016

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

FILED
CLERKS OFFICE
2004 JAN 20 P 3: 05
U.S. DISTRICT COURT
DISTRICT OF MASS.

I acknowledge receipt of your request that I waive service of a summons in the action of STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTORS TRUST, and the "MFS FUNDS"

vs.

MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100

(CAPTION OF ACTION)

which is case number  03-12483 MEL  in the United States District Court for the

District of  Massachusetts

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after  16 Dec 2003  or within 90 days after that date if the request was sent outside the United States.

(DATE REQUEST WAS SENT)

January 15, 2004
DATE

_____ Carisa A. Klemeyer _____
SIGNATURE

Printed/Typed Name: Carisa A. Klemeyer

As  counsel for    Lawrence H. Cohn
   (TITLE)          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO:   Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
      270 Madison Avenue
      New York, New York 10016

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

FILED
IN CLERKS OFFICE
2004 JAN 20  P 3: 05
U.S. DISTRICT COURT
DISTRICT OF MASS.

I acknowledge receipt of your request that I waive service of a summons in the action of STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTOR TRUST and the "MFS FUND

vs.

MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100

(CAPTION OF ACTION)

which is case number **03-12483 MEL** in the United States District Court for the District of **Massachusetts**.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **16 Dec 2003**

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

January 15, 2004
DATE

Signature: *Carisa A. Klemeyer*

Printed/Typed Name: Carisa A. Klemeyer

As  counsel for     x William R. Gutow
    (TITLE)            (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
270 Madison Avenue
New York, New York 10016

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

FILED
IN CLERKS OFFICE
2004 JAN 20 P 3:05
U.S. DISTRICT COURT
DISTRICT OF MASS.

I acknowledge receipt of your request that I waive service of a summons in the action of STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTOR TRUST and the "MFS FUND" vs. MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100

(CAPTION OF ACTION)

which is case number 03-12483 MEL in the United States District Court for the District of Massachusetts.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 16 Dec 2003

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

January 15, 2004
DATE

Signature: Carisa A. Klemeyer
Printed/Typed Name: Carisa A. Klemeyer
As counsel for J. Atwood Ives
(TITLE) (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
270 Madison Avenue
New York, New York 10016

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

FILED
IN CLERK'S OFFICE
2004 JAN 20 P 3: 05
U.S. DISTRICT COURT
DISTRICT OF MASS.

I acknowledge receipt of your request that I waive service of a summons in the action of STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTORS TRUST AND the "MFS FUND"

vs.

MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100

(CAPTION OF ACTION)

which is case number  03-12483 MEL  in the United States District Court for the District of Massachusetts.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after  16 Dec 2003  or within 90 days after that date if the request was sent outside the United States.

(DATE REQUEST WAS SENT)

January 15, 2004
DATE

_[signature]_ Carisa A. Klemeyer
SIGNATURE

Printed/Typed Name: Carisa M. Klemeyer

As counsel for xxx Lawrence T. Perera
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

FILED
CLERK'S OFFICE

TO: Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
270 Madison Avenue
New York, New York 10016

2004 JAN 20 P 3: 05

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

U.S. DISTRICT COURT
DISTRICT OF MASS.

I acknowledge receipt of your request that I waive service of a summons in the action of
STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTOR TRUST and the "MFS FUND

VS.

MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100

(CAPTION OF ACTION)

which is case number    03-12483 MEL    in the United States District Court for the

District of    Massachusetts    .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or

motion under Rule 12 is not served upon you within 60 days after    16 Dec 2003

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

January 15, 2004
DATE

_____
SIGNATURE

Printed/Typed Name:  Carisa A. Klemeyer

As  counsel for    x  Abby M. O'Neill
    (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
270 Madison Avenue
New York, New York 10016
_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

FILED
CLERKS OFFICE
2004 JAN 20 P 3:05
DISTRICT COURT
DISTRICT OF MASS.

I acknowledge receipt of your request that I waive service of a summons in the action of
STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTOR TRUST, and the "MFS FUND

VS.

MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100
(CAPTION OF ACTION)

which is case number    03-12483 MEL    in the United States District Court for the
District of    Massachusetts    .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after    16 Dec 2003    
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

January 15, 2004
DATE

Signature: Carisa A. Klemeyer
Printed/Typed Name: Carisa A. Klemeyer
As counsel for xx William J. Poorvu
(TITLE)    (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

FILED
IN CLERKS OFFICE

TO:  Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
270 Madison Avenue
New York, New York 10016

2004 JAN 20 P 3:05

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

DISTRICT COURT
DISTRICT OF MASS

I acknowledge receipt of your request that I waive service of a summons in the action of

STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTOR TRUST and the "MFS FUND

VS.

MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100

(CAPTION OF ACTION)

which is case number   03-12483 MEL   in the United States District Court for the

District of   Massachusetts   .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after   16 Dec 2003   (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

January 15, 2004
DATE

Signature: Carisa A. Klemeyer
Printed/Typed Name: Carisa A. Klemeyer
As  counsel for    J. Dale Sherratt
   (TITLE)         (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

FILED
IN CLERKS OFFICE

TO: Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
270 Madison Avenue
New York, New York 10016

2004 JAN 20 P 3: 05

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

DISTRICT COURT
DISTRICT OF MASS.

I acknowledge receipt of your request that I waive service of a summons in the action of
STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTOR TRUST and the "MFS FUND

VS.

MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100

(CAPTION OF ACTION)

which is case number  03-12483 MEL  in the United States District Court for the

District of  Massachusetts  .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or

motion under Rule 12 is not served upon you within 60 days after  16 Dec 2003
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

January 15, 2004
DATE

Signature: /s/ Carisa A. Klemeyer

Printed/Typed Name: Carisa A. Klemeyer

As counsel for  Ward Smith
(TITLE)            (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

FILED
CLERKS OFFICE

TO: Daniel Krasner, Fred Isquith, Mark Rifkin, Robert Abrams, Christopher Hinton, Steven Brooks
270 Madison Avenue
New York, New York 10016

2004 JAN 20 P 3:05

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

U.S. DISTRICT COURT
DISTRICT OF MASS.

I acknowledge receipt of your request that I waive service of a summons in the action of
STAVO BRUCKNER, derivatively on behalf of the MFS CAPITAL OPPORTUNITIES FUND, the MASSACHUSETTS INVESTORS TRUST and the MFS FUND

VS.

MASSACHUSETTS FINANCIAL SERVICES COMPANY, SUN LIFE FINANCIAL INC., JOHN W. BALLEN, JEFFREY L. SHAMES, KEVIN R. PARKE, LAWRENCE H. COHN, WILLIAM R. GUTOW, J. ATWOOD IVES, ABBY M. O'NEILL, LAWRENCE T. PERERA, WILLIAM J. POORVU, J. DALE SHERRATT, ELAINE R. SMITH, WARD SMITH, JOHN DOES 1-50, JOHN DOES 51-100

(CAPTION OF ACTION)

which is case number   03-12483 MEL   in the United States District Court for the

District of   Massachusetts   .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after   16 Dec 2003

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

January 15, 2004
DATE

_Carisa A. Klemeyer_
SIGNATURE

Printed/Typed Name: Carisa A. Klemeyer

As   counsel for   Elaine R. Smith
(TITLE)   (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© 2000 WordMill Inc.

## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

JOHN L. FREEMAN
EDGAR J. NATHAN, 3RD
CHARLES H. BALLER
DAVID A. RUTTENBERG
PETER L. KLAUSNER*
DANIEL W. KRASNER
FRED T. ISQUITH
STUART M. SAFT*
ERIC B. LEVINE
JEFFREY G. SMITH†
FRANCIS M. GREGOREK†
MARY JANE FAIT♦
ROBERT D. STEELE
MARK C. SILVERSTEIN
ELI D. GREENBERG
PETER C. HARRAR
LAWRENCE P. KOLKER
MARK C. RIFKIN◊
JEFFREY M. SCHWARTZ
MICHAEL JAFFE†
MARIA I. BELTRANI*
MICHAEL E. FLEISS
BETSY C. MANIFOLD†
ALEXANDER H. SCHMIDT
JEFFREY S. REICH*
GREGORY M. NESPOLE
DAVID L. WALES
FRANCIS A. BOTTINI, JR.▽

FOUNDED 1888
270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600
WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

625 NORTH FLAGLER DRIVE
9TH FLOOR
WEST PALM BEACH, FL 33401
561-833-1776

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
656 WEST RANDOLPH STREET, SUITE 500W
CHICAGO, IL 60661
312-466-9200

DIRECT DIAL 212-545-4600
FACSIMILE 212-545-4377
jweiss@whafh.com

FILED
IN CLERKS OFFICE
2004 JAN 20 P 3:05
U.S. DISTRICT COURT
DISTRICT OF MASS

JOSHUA ABER
CARL R. SLOAN
ROBERT B. WEINTRAUB
ROBERT ABRAMS
OF COUNSEL

DEMET BASAR
ALAN McDOWELL□
ADAM J. LEVITT‡
JULIE M. SULLIVAN
LINDA A. REDLISKY
NANCY S. PITKOFSKY
STEVEN D. SLADKUS
LISA A. LOWENTHAL
MICHAEL C. MULÉ
RACHELE RICKERT◊
BRIAN S. COHEN
THOMAS H. BURT
JILL H. BLUMBERG◊
MARK A. HAKIM
SCOTT J. FARRELL
KATHERINE B. DUBOSE
KATE M. McGUIRE
GUSTAVO BRUCKNER
STACEY T. KELLY
RICHARD O. POMERANTZ
STEFANIE A. LINDEMAN
MICHAEL J. MISKE
TAMARA E. GROSS
CHRISTOPHER S. HINTON

ALSO ADMITTED
*FL, †CA, ♦IL
ONLY ADMITTED
▽CA, ‡IL, □VA, ◊NJ & PA

January 16, 2004

Clerk of the Court
Massachusetts Federal Court
1 Courthouse way
Boston MA 02210

Re: MASSACHUSETTS FINANCIAL SERVICES 03-12483 mel

Gentlemen;

Please file these waivers of service and return to us the copies stamped as filed in the enclosed envelope. Thank you.

Sincerely;

Joseph Weiss
Legal Assistant